1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8                       CENTRAL DISTRICT OF CALIFORNIA

9

10   BERNARD J. SINGER, by TAMARA          )  CASE NO. CV 14-08700 MMM (MRWx)
     SINGER, Guardian Ad Litem,            )
11                                         )  ORDER GRANTING DEFENDANTS'
                  Plaintiff,               )  MOTIONS TO DISMISS
12                                         )
                     vs.                   )
13                                         )
     THE PAUL REVERE LIFE INSURANCE        )
14   COMPANY; and THE PRUDENTIAL           )
     INSURANCE COMPANY OF AMERICA,         )
15   TRUSTEE OF THE AICPA INSURANCE        )
     TRUST,                                )
16                                         )
                  Defendants.              )
17                                         )

18

19          On November 17, 2014, Tamara Singer, guardian ad litem for Bernard Singer, filed this action

20   against The Paul Revere Life Insurance Company ("Paul Revere") and The Prudential Life Insurance

21   Company of America, Trustee of the AICPA Insurance Trust ("Prudential") (collectively,

22   "defendants").[1]   The complaint alleges claims for declaratory relief, tortious breach of

23   contract/breach of the covenant of good faith and fair dealing, and breach of contract.[2]

24          On December 16, 2014, Paul Revere filed a motion to dismiss Singer's complaint on the

25

26

27          [1]Complaint, Docket No. 3 (Nov. 17, 2014).

28          [2]*Id.*

basis that his claims are barred by the statute of limitations.[3]  On March 24, 2015, the court granted the motion with leave to amend.[4]  On April 7, 2015, Singer filed a first amended complaint.[5]  Prudential moved to dismiss the first amended complaint on April 24, 2015,[6] and Paul Revere filed a separate motion to dismiss on April 28, 2015.[7]  Both motions assert that Singer's claims are time-barred.  Singer opposes the motions.[8]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument; the hearings calendared for July 6, 2015, are therefore vacated, and the matter taken off calendar.

## I.  FACTUAL BACKGROUND

### A.      Facts Alleged in the Complaint

Plaintiff alleges that on or about March 1, 1997, Bernard Singer purchased a disability insurance policy from Paul Revere.[9]  On January 26, 2006, Singer was involved in a motor vehicle accident that purportedly left him mentally disabled and unable to work.[10]  As a result, in June 2006, he filed a claim for disability benefits under the Revere policy.[11]  Paul Revere initially approved the claim and paid

---

[3]Motion to Dismiss Complaint, Docket No. 12 (Dec. 16, 2014). See also Reply in Support of Motion to Dismiss, Docket No. 23 (Mar. 16, 2015).

[4]Order Granting Paul Revere's Motion to Dismiss ("Order"), Docket No. 27 (Mar. 24, 2015).

[5]First Amended Complaint ("FAC"), Docket No. 28 (Apr. 7, 2015).

[6]Prudential's Motion to Dismiss First Amended Complaint ("Prudential Motion"), Docket No. 30 (Apr. 24, 2015).

[7]Paul Revere's Motion to Dismiss First Amended Complaint ("Paul Revere Motion"), Docket No. 34 (Apr. 28, 2015).

[8]Opposition to Motions to Dismiss ("Opposition"), Docket No. 44 (June 19, 2015).

[9]FAC, ¶ 6.  See also *id.*, Exh. A ("Revere Policy").

[10] *Id.*, ¶ 4.

[11] *Id.*, ¶ 7.

2

1  benefits to Singer; on June 1, 2009, however, it purportedly ceased benefits payments, concluding that
2  Singer "was not disabled as defined by the terms of the [policy]."[12]

3     In approximately March 1993, Singer obtained an insurance policy from the AICPA Insurance
4  Trust,[13] and on March 22, 2009, he filed a separate claim for disability benefits under this policy.[14]
5  Prudential is the trustee of the AICPA Insurance Trust, and makes benefits determinations.[15]  Singer
6  alleges that Prudential denied his claim.[16]

7     **B.**  **Defendants' Requests for Judicial Notice**

8     Prudential and Paul Revere both ask that the court take judicial notice of various documents in
9  deciding their motions to dismiss.  Because Rule 12(b)(6) review is confined to the complaint, the court
10  typically does not consider material outside the pleadings (e.g., facts presented in briefs, affidavits, or
11  discovery materials) in deciding such a motion.  *In re American Continental Corp./Lincoln Sav. & Loan*
12  *Securities Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996).  It may, however, properly consider exhibits
13  attached to the complaint and documents whose contents are alleged in the complaint but not attached,
14  if their authenticity is not questioned.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

15     In addition, the court can consider  matters that are proper subjects of judicial notice under Rule
16  201 of the Federal Rules of Evidence.  *Id.* at 688-89; *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.
17  1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.
18  2002); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.
19  1990); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308,
20  322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts
21  ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

---

[12] *Id.*, ¶ 8-9.

[13] *Id.*, ¶ 12.  See also *id.*, Exh B. ("Prudential Policy").

[14] *Id.*, ¶ 13.

[15] *Id.*, ¶ 3.

[16] *Id.*, ¶ 14.

incorporated into the complaint by reference, and matters of which a court may take judicial notice").[17]
The court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" or proper subjects of judicial notice. *Steckman v. Hart Brewing Inc*., 143 F.3d 1293, 1295 (9th Cir. 1998); see also *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

Prudential asks the court to consider an August 13, 2010 letter advising Singer that his claim for long term disability benefits had been denied.[18]  Paul Revere similarly requests that the court consider a June 1, 2009 letter discontinuing his disability insurance benefits.[19]  The court cannot judicially notice the letters, because their contents are neither generally known nor capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED.R.EVID. 201. However, "[a] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006).  This is so even if the plaintiff does not "explicitly allege the contents of th[e] document[s] in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint").  Here, the letters are essential to Singer's claims, because each is based on the fact Prudential denied, and Paul Revere discontinued, disability benefits.  Because Singer does not dispute the authenticity of the

---

[17]Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment. *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[18]Prudential's Request for Judicial Notice, Docket No. 31 (Apr. 24, 2015), Exh. A ("Prudential Denial Letter").

[19]Paul Revere's Request for Judicial Notice, Docket No. 39 (Apr. 30, 2015), Exh. 1 ("Paul Revere Denial Letter").

1  documents, the court will consider the denial letters under the incorporation by reference doctrine.[20] See

2  *Marez v. County of Stanilaus*, No. 14-CV-00662 KJM, 2015 WL 135890, *3 (E.D. Cal. Jan. 9, 2015)

3  (considering a letter from the county jail to one plaintiffs' lawyers because "the authenticity of the letter

4  [wa]s not disputed, and [it wa]s essential to the plaintiffs' claims").

## II.  DISCUSSION

### A.    Legal Standard Governing Motions to Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right

---

[20]Singer filed opposition to both requests for judicial notice, asserting that "testimonial evidence is not permitted in support of a motion to dismiss." (Oppositions to Requests for Judicial Notice, Docket Nos. 45 and 46 (June 19, 2015).) He does not dispute the authenticity of the documents, however, which the court has concluded are incorporated by reference under Ninth Circuit case law. Singer's objection to consideration of the letters is therefore overruled.

1    to relief above the speculative level, on the assumption that all the allegations in the complaint are

2    true (even if doubtful in fact)" (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d

3    962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory

4    'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a

5    claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly*).

6           **B.**    **Whether Singer's Claims Must Be Dismissed as Time-Barred**

7           In diversity cases alleging state law claims, the state statute of limitations governs.  *Olympic*

8    *Sports Products, Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 913 (9th Cir. 1985) ("*York* held that

9    a state statute of limitations controlled in a diversity suit based on a state-created right.  If the suit would

10   be barred in state court when filed, it must be barred in federal court," citing *Guaranty Trust Company*

11   *of New York v. York*, 326 U.S. 99, 109-10 (1945)).  "An action upon any contract . . . founded upon an

12   instrument in writing" must be brought within four years.  See CAL. CODE CIV. PROC. § 337; *Snyder v.*

13   *California Ins. Guarantee Ass'n*, 229 Cal.App.4th 1196, 1213 (2014).  Singer's breach of the covenant

14   of good faith and fair dealing/tortious bad faith claim is also subject to a four-year limitations period to

15   the extent "it rests on [an] implied contractual promise."  See *Love v. Fire Ins. Exch.*, 221 Cal.App.3d

16   1136, 1144 n. 4 (1990) (citing *Comunale v. Traders & General Ins. Co.,* 50 Cal.2d 654, 662 (1958)

17   ("Traders contends that an action on an implied obligation arising out of contract is not on the written

18   instrument and that therefore the four-year term prescribed in section 337, subdivision 1, of the Code

19   of Civil Procedure is not applicable.  We do not agree.  The promise which the law implies as an element

20   of the contract is as much a part of the instrument as if it were written out")).  "To the extent [Singer]

21   seek[s] tort remedies on [his] claim for breach of the covenant of good faith and fair dealing, [however,]

22   the claim is governed [by] . . . the two-year statute of limitations" set forth in California Code of Civil

23   Procedure § 339(1).  See *id.* (citing *Richardson v. Allstate Ins. Co.*, 117 Cal.App.3d 8, 12-13  (1981)

24   (stating that tort claims for breach of the implied covenant of good faith are governed by § 339)).

25   Finally, "the statute of limitations governing a request for declaratory relief is the one applicable to an

26   ordinary legal or equitable action based on the same claim."  See *Mangini v. Aerojet Gen. Corp.*, 230

27   Cal.App.3d 1125, 1155 (1991) (citing *Maguire v. Hibernia S. & L. Soc.*, 23 Cal.2d 719, 733 (1944)).

28

1   "If the running of the statute [of limitations] is apparent on the face of the complaint, the defense

2   may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

3   "However, a district court may [dismiss] 'only if the assertions of the complaint, read with the required

4   liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Cervantes v. Countrywide*

5   *Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon*, 614 F.2d at 682).  Defendants

6   contend that, as pled, each of Singer's claims is time-barred, because they denied or discontinued

7   benefits on June 1, 2009 (Paul Revere) and August 13, 2010 (Prudential), and because both dates are

8   more than four years (and considerably more than two years) prior to November 17, 2014, the date on

9   which Singer filed this action.

10      Singer contends that he has plausibly alleged entitlement to tolling due to mental incompetency.

11   California Code of Civil Procedure § 352(a) states:

12      "If a person entitled to bring an action . . . is, at the time the cause of action accrued[,]

13      . . . insane, the time of the disability is not part of the time limited for the commencement

14      of the action."  CAL. CODE CIV. PROC. § 352(a).[21]

15   For purposes of § 352(a), a plaintiff is "insane" if he is "incapable of caring for his property *or*

16   transacting business *or* understanding the nature or effects of his acts."  See *Alcott Rehab. Hosp. v.*

17   *Superior Court*, 93 Cal.App.4th 94, 101 (2001) (emphasis added); cf. *Feeley v. Southern Pac. Trans.*

18   *Co.*, 234 Cal.App.3d 949, 952 (1991) (holding that tolling was proper during the time plaintiff was in

19   a coma following the injury that gave rise to his claim); *Snyder v. Boy Scouts of America*, 205

20   Cal.App.3d 1318, 1324 (1988) (holding that post-traumatic stress disorder was not "insanity" that tolled

21   the limitations period).  The plaintiff's "insanity" must exist at the time the claim accrues to toll the

22   limitations period.  CAL. CODE CIV. PROC. § 357 ("Disability must exist when right of action accrued.

23   No person can avail himself of a disability, unless it existed when his right of action accrued").  "Once

24   the cause of action has accrued and the statute of limitations has begun to run, no later disability can

25

26      [21]This section was amended effective January 1, 2015.  It now provides: "If a person entitled to
27   bring an action . . . is, at the time the cause of action accrued[,] . . . lacking the legal capacity to make
     decisions, the time of the disability is not part of the time limited for the commencement of the action."
28   CAL. CODE CIV. PROC. § 352(a).

1   suspend it." *Larsson v. Cedars of Lebanon Hosp.*, 97 Cal.App.2d 704, 707 (1950); see *Jones v. Jacobs*,

2   No. C 11–1340 SI (pr), 2011 WL 5320983, *2 (N.D. Cal. Nov. 2, 2011) (same); *Mocak v. Hunt*, No.

3   C-01-1317 PJH, 2002 WL 485049, *2 n. 2 (N.D. Cal. Mar. 27, 2002) ("Incompetency that arises after

4   the accrual of a cause of action does not suspend the running of the statute of limitations").

5         "Where the running of the statute of limitations appears on the face of a complaint, a plaintiff

6   must allege facts to support a plausible claim that the equitable tolling doctrine applies in order to

7   survive a motion to dismiss brought under [Rule] 12(b)(6)."  See *Ilaw v. Daughters of Charity Health*

8   *Sys.*, No. CV 11-02752 LHK, 2012 WL 381240, *4 n. 4 (N.D. Cal. Feb. 6, 2012), aff'd, 585 Fed.

9   Appx. 572 (9th Cir. Oct. 24, 2014) (Unpub. Disp.); *Khan v. World Sav. Bank, FSB*, No. 10-CV-

10  04305 LHK, 2011 WL 133030, *6 (N.D. Cal. Jan. 14, 2011) ("Plaintiff has not alleged facts suggesting

11  that equitable tolling might apply in this case. . . .  Plaintiff may amend her TILA damages claim if she

12  is able to allege more specific facts establishing a violation of particular TILA provisions as well as a

13  plausible basis for equitable tolling"); see also *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and

14  conclusions . . . will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further

15  factual enhancement" (internal quotations and alterations omitted));  *Cervantes v. City of San Diego*,

16  5 F.3d 1273, 1277 (9th Cir. 1993) (holding that a motion to dismiss on statute of limitations grounds

17  should not be granted if "the complaint, liberally construed in light of our 'notice pleading' system,

18  adequately alleges facts showing the potential applicability of the equitable tolling doctrine").

19        The first amended complaint alleges that "from and after January 26, 2006, [Singer was]

20  mentally incompetent."[22]  It also pleads that Singer "was incapable of caring for his property, transacting

21  business or understanding the nature or effects of his acts and had to have other persons, including but

22  not limited to his spouse . . . and his attorney[ ], act on his behalf."[23]  Finally, it alleges that on January

23  8, 2008, Singer "was awarded social security disability benefits based upon his mental disability."[24]

24  Singer asserts that these allegations suffice to plead insanity under § 352(a), and to show that the statute

25  _____

26        [22]Complaint, ¶ 1.

27        [23]*Id.*, ¶ 4.

28        [24]*Id.*, ¶ 5.

8

of limitations was tolled.  As a consequence, he contends, his claims are not time-barred.

The court dismissed Singer's original complaint because it found his allegations too conclusory to plead that he was "insane" as the term is used in § 352(a).[25]  As noted, whether Singer was "insane" turns on whether he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts."  See *Alcott Rehab. Hosp.*, 93 Cal.App.4th at 101.  Singer's bare allegation that he was "mentally incompetent" does not suffice to plead insanity.  Moreover, Singer's formulaic assertion that he "was incapable of caring for his property, transacting business or understanding the nature or effects of his acts" is not supported by facts that would permit the court to conclude that it is plausible he could not do these things.  The only *facts* alleged are that Singer "had difficulty concentrating and recalling information," "was restricted from doing calculations," and "could do only limited reading."[26]  These facts do not suffice to plead insanity under § 352(a).  See *Moore v. Baca*, No. CV 10-4033 DDP JPR, 2011 WL 7658279, *4 (C.D. Cal. Dec. 15, 2011), report and recommendation adopted, 2012 WL 1155859 (C.D. Cal. July 21, 2010) ("The only fact alleged in the FAC relevant to Plaintiff's potential entitlement to equitable tolling is that Plaintiff 'is developmentally disabled and illiterate.'  This single allegation, even when accepted as true, is not sufficient to show that Plaintiff is entitled to tolling.  Plaintiff does not  plead any additional facts to suggest the statute of limitations should be tolled under either California Code of Civil Procedure section 352(a) or California's equitable tolling rules.  Thus, Plaintiff's claims are time barred based on the facts as pled in the FAC, and the FAC should be dismissed"); accord *Abels v. Bank of Am.*, No. CV 11-0208 PJH, 2011 WL 1362074, *1 (N.D. Cal. Apr. 11, 2011) ("To the extent, moreover, that plaintiff attempts to plead around the statute of limitations by alleging equitable tolling, plaintiff fails to sufficiently allege facts that would establish a plausible claim for equitable tolling"); *Cho v. Wells Fargo Bank, N.A.*, No. CV 09-04724 DDP (AGRx), 2009 WL 3763891, *3 (C.D. Cal. Nov. 2, 2009) (dismissing a complaint because it did "not set forth a plausible basis for equitable tolling").

The fact that Singer allegedly was awarded social security disability benefits in 2008 likewise

---

[25]Order at 8-9.

[26]Complaint, ¶ 8.

does not suffice to plead insanity under § 352(a).  A person need not be incapacitated to the point of being unable to care for his property, transact business, or understand the nature and effects of his acts to qualify for social security benefits.  Under the Social Security Act, "[c]laimants are disabled if a medically determinable physical or mental impairment prevents them from doing substantial gainful activity." *Stone v. Heckler*, 722 F.2d 464, 468 (9th Cir. 1983).  The focus for purposes of social security benefits is thus on the work in which the claimant engages, if any.  See 20 C.F.R. § 404.1574(a) ("We use several guides to decide whether the work you have done shows that you are able to do substantial gainful activity").  Singer may well have been unable to engage in substantial gainful activity but nonetheless been *capable* "of caring for his property or transacting business or understanding the nature or effects of his acts."  See *Alcott Rehab. Hosp.*, 93 Cal.App.4th at 101.  The mere fact that he was awarded social security benefits, therefore, does not plausibly suggest he is entitled to invoke § 352(a).  Because Singer has failed to allege a plausible entitlement to tolling under § 352(a), defendants' motions to dismiss must be granted.

### C.       Whether the Court Should Grant Leave to Amend

Defendants argue that the court should dismiss Singer's claims with prejudice.  "Dismissal without leave to amend is proper [only] if it is clear that the complaint could not be saved by amendment."  See *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008); *California ex rel. California Department of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 673 (9th Cir. 2004) ("[D]enial of leave to amend is appropriate if the amendment would be futile," citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  This is the second time the court has had occasion to address the sufficiency of Singer's allegations.  Although he again failed plausibly to allege facts indicating that he is entitled to tolling under § 352(a), he did plead more facts than in the original complaint.  Singer, moreover, states in his opposition that he can append his doctor's diagnoses, which purportedly demonstrate that he was insane, to any future amended complaint.[27]  While Singer need not do so, he is, of course, free to do so, or to allege the nature of the diagnoses or other facts that plausibly suggest he was and is "incapable of caring for his property or transacting business or understanding the nature

---

[27]Opposition at 4.

10

1    or effects of his acts." Given the existence of these documents, and Singer's assertion that they will be

2    sufficient to plead that the statute of limitations is tolled, the court concludes Singer may be able to

3    amend his complaint to allege a plausible entitlement to tolling under § 352(a). Accordingly, it grants

4    Singer leave to amend. See *Moore*, 2011 WL 7658279 at *4 ("Because the FAC appears capable of

5    amendment, however, Plaintiff should be granted leave to amend to allege additional facts, if any, that

6    would entitle him to tolling of the statute of limitations"); *Suguri v. Wells Fargo Bank, N.A.*, No. CV

7    09-1828 PSG (PJWx), 2009 WL 2486546, *3 (C.D. Cal. Aug.7, 2009) (granting leave to amend where

8    a "complaint [did] not allege any facts demonstrating entitlement to equitable tolling" so that plaintiff

9    could "allege circumstances that would equitably toll the statute of limitations"). Singer is warned,

10   however, that should he fail adequately to plead his claims in any second amended complaint, the court

11   will likely find that further amendment would be futile and dismiss his claims with prejudice on that

12   basis.

13

14                                       **III.  CONCLUSION**

15          For the reasons stated, the court grants defendants' motions to dismiss with leave to amend.

16   Singer may file an amended complaint within **forty (40) days** of the date of this order if he is able to

17   remedy the deficiencies the court has noted.

18          Singer may not plead new claims. Should the scope of any amendment exceed the scope of leave

19   to amend granted by this order, the court will strike the offending portions of the pleading under Rule

20   12(f). See FED.R.CIV.PROC. 12(f) ("The court may strike from a pleading an insufficient defense or any

21   redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on

22   motion made by a party either before responding to the pleading or, if a response is not allowed, within

23   21 days after being served with the pleading"); see also *Barker v. Avila*, No. 2:09-cv-0001-GEB-JFM,

24   2010 WL 31701067, *1-2 (E.D. Cal. Aug. 11, 2010) (striking an amendment to a federal law claim

25   where the court had granted leave to amend only state law claims).

26

27   DATED: June 30, 2015

28                                         MARGARET M. MORROW
                                           UNITED STATES DISTRICT JUDGE