JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SINGER, by TAMARA SINGER, Guardian Ad Litem,<br><br>Plaintiff,<br><br>vs.<br><br>THE PAUL REVERE LIFE INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, TRUSTEE OF THE AICPA INSURANCE TRUST,<br><br>Defendants. | Case No. 2:14-cv-08700-SJO-MRW<br><br>(Assigned to The Honorable S. James Otero Courtroom "1")<br><br>**JUDGMENT IN FAVOR OF DEFENDANTS** |

**JUDGMENT**

Plaintiff Bernard Singer ("Plaintiff") filed this action against The Paul Revere Life Insurance Company ("Paul Revere") and The Prudential Insurance Company of America ("Prudential") on November 17, 2014. (Docket No. 1) The Complaint alleged claims for relief for breach of contract, breach of the implied covenant of good faith and fair dealing (i.e., bad faith) and declaratory relief arising out of Defendants' respective denials of Plaintiff's claim for disability income benefits under (1) a disability insurance policy that Paul Revere issued to Plaintiff, and (2) a group disability policy issued by Prudential to JPMorgan Chase Bank, as Trustee of the American Institute of Certified Public Accountants Insurance Trust, under which Plaintiff was a participant.

## I. PROCEDURAL HISTORY

### A. Dismissal of the original complaint

Paul Revere moved to dismiss Plaintiff's Complaint on the grounds that his breach of contract claim was barred by the four-year statute of limitations under California Code of Civil Procedure Section 337 and that his bad faith claim was barred by the two-year statute of limitations under California Code of Civil Procedure Section 339. (Docket No. 12) Paul Revere also asserted that Plaintiff's declaratory relief claim was time-barred on the same grounds.[1] *Mangini v. Aerojet-Gen. Corp.*, 230 Cal. App. 3d 1125, 1155 (1991) ("the statute of limitations governing a request for declaratory relief is the one applicable to an ordinary legal or equitable action based on the same claim.") The court granted Paul Revere's motion to dismiss, concluding that Plaintiff's allegations were "too conclusory plausibly to plead that he was 'insane.'" (Docket No. 27, p. 8) The Court gave

---

[1] Prudential answered Plaintiff's initial complaint, and asserted the statute of limitations as an affirmative defense to all claims alleged against Prudential. (Docket No. 10). Specifically, Prudential alleged, *inter alia*, that Plaintiff's claims for breach of contract and declaratory relief were barred by the four-year statute of limitations, and that his claim for breach of the covenant of good faith and fair dealing was barred by the applicable two-year statute of limitations. (*Id.*, p. 10).

1

Plaintiff leave to amend his Complaint to plead facts demonstrating grounds for tolling the statute of limitations.

### B. Dismissal of the first amended complaint

Plaintiff filed his First Amended Complaint ("FAC") for breach of contract, bad faith and declaratory relief on April 7, 2015. (Docket No. 28) Paul Revere and Prudential moved to dismiss all claims for relief alleged in the FAC based on the statute of limitations. (Docket Nos. 29 and 34) The Court granted the motions to dismiss the FAC without prejudice. (Docket No. 50)

### C. Dismissal of the second amended complaint

Plaintiff filed his Second Amended Complaint ("SAC") for breach of contract, bad faith and declaratory relief on September 4, 2015. (Docket No. 56) Paul Revere and Prudential again moved to dismiss all claims for relief alleged in the SAC based on the statute of limitations. (Docket Nos. 57 and 58) The Court granted the motions to dismiss the SAC without prejudice. (Docket No. 72)

### D. Dismissal of the third amended complaint

Plaintiff filed his Third Amended Complaint ("TAC") for breach of contract, bad faith and declaratory relief on December 31, 2015. (Docket No. 75) Paul Revere and Prudential again filed motions to dismiss on the grounds that all of Plaintiff's claims for relief were time barred. (Docket Nos. 80 and 81) With respect to Paul Revere, Plaintiff's claims were time barred because Paul Revere unequivocally denied Plaintiff's claim for disability income benefits on June 1, 2009, thereby triggering the accrual of the statute of limitations on each of Plaintiff's claims. Plaintiff waited more than four years after June 1, 2009 – until November 17, 2014 – before filing this action. With respect to Prudential, Plaintiff's claims were time barred because Prudential unequivocally denied Plaintiff's claim for disability benefits on August 13, 2010, thereby triggering the accrual of the statute of limitations on each of Plaintiff's claims alleged against

Prudential. Plaintiff waited more than four years after August 13, 2010 before filing this action on November 17, 2014.

In the TAC, Plaintiff alleged that the statute of limitations should be tolled because he had been insane at all relevant times. Plaintiff alleged that at the time of trial, he would present testimony from his physicians and/or expert witnesses who would corroborate Plaintiff's claimed insanity for the entire relevant period. Plaintiff also alleged that his mental condition had not changed since May 2008.

The Court granted Defendants' motions to dismiss the TAC without prejudice, concluding that Plaintiff's allegation that other physicians would corroborate his claim of insanity at the time of trial merely indicated a possibility of pleading plausible allegations in the future.

Additionally, with respect to Plaintiff's allegations regarding his mental condition in 2008 (that Plaintiff had difficulty concentrating and recalling information, had continuing symptoms, was restricted from doing calculations and could only do limited reading), the Court explained that it had already determined that the substance of those allegations was too conclusory and insufficient to demonstrate grounds for tolling based on insanity. (Docket No. 91, p. 7)

## II. **PLAINTIFF WAS GIVEN LEAVE TO FILE A FOURTH AMENDED COMPLAINT, BUT CHOSE NOT TO DO SO**

When it granted Defendants' motions to dismiss the TAC, the Court gave Plaintiff leave to file a Fourth Amended Complaint by March 8, 2016. (Docket No. 91, p. 8) However, Plaintiff did not file a Fourth Amended Complaint by that deadline, and instead filed an ex parte application on March 8, 2016, requesting that the Court give him additional time, until March 23, 2016, to file a Fourth Amended Complaint. (Docket No. 92)

The Court granted Plaintiff's ex parte request and extended his deadline to file a Fourth Amended Complaint to March 23, 2016. (Docket No. 96) However, Plaintiff did not file a Fourth Amended Complaint by March 23, 2016. The Court

3

then issued an Order to Show Cause for Plaintiff to explain, in writing by April 1, 2016, why the Court should not dismiss the case for lack of prosecution. (Docket No. 97)

Plaintiff's counsel filed a declaration in response to the Order to Show Cause on April 1, 2016, in which he stated that Plaintiff "elected not to file a Fourth Amended Complaint," and instead elected to "stand on the Third Amended Complaint." (Docket No. 98).

On April 29, 2016, the Court entered orders granting Paul Revere's and Prudential's motions to dismiss Plaintiff's TAC with prejudice. (Docket Nos. 103 and 104).

In light of the foregoing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. Plaintiff's claims for relief against Paul Revere and Prudential for declaratory relief, bad faith, and breach of contract are barred by the statute of limitations under California Code of Civil Procedure Sections 337 and 339 and are dismissed with prejudice;

2. That judgment is entered in favor of Paul Revere and Prudential and against Plaintiff;

3. That Plaintiff shall take nothing by way of his Third Amended Complaint;

4. That Paul Revere and Prudential shall be entitled to recover from Plaintiff their costs of suit; and

5. That this case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: May 23, 2016

*S. James Otero*

The Honorable S. James Otero
Unites States District Judge

4